PER CURIAM:
On August 23, 1991, the claimant was departing from work in his vehicle around 11:30 p.m. when an approaching vehicle, a Chevrolet truck, kicked up a six by eight inch rock onto claimant’s windshield and hood. This incident occurred on Maple Meadow Road, a road owned and maintained by the respondent in Raleigh County. The other vehicle was driven by *70 Vernon Sears, a fellow employee and friend of the claimant. Immediately after the incident, the claimant requested that Mr. Sears file a claim with his insurer, but he was advised that the accident was the result of a road hazard for which no insurance was available. The claimant’s own insurer, Auto Club Insurance, likewise asserted this was an uninsured risk, although claimant’s $500.00 deductible would have excluded coverage in either event. The claimant testified that he was able to replace the broken windshield for $200.00. The cost to repair the dents is estimated at $200.00 for a total claim of $400.00.
The claimant testified that approximately eight hours before his accident he traveled upon Maple Meadow Road to go to work and he observed respondent’s heavy equipment clearing and scraping the road in the vicinity of his accident. He testified that respondent’s grader and end loader were cleaning ditch lines adjoining Maple Meadow Road. It is his opinion that the road was left in the road during the maintenance operation being performed by respondent’s employees. Unfortunately, the claimant’s theory of how the rock was in the road is uncorroborated, not witnesses were called by the claimant. The gap of some eight hours between his observation of road crews in the area of the accident and his striking a rock in the alleged road repair area is too attenuated to permit an inference that the respondent may have created or caused the hazard. No other reports of rock int he road were received by the respondent on that date. The burden of proof is upon the claimant to show by a preponderance of the evidence that the respondent’s conduct caused the hazard complained of. The claimant has failed to establish negligence. It is too speculative in time for the Court to conclude that respondent’s presence in the area caused or contributed to the claimant’s accident in the absence of stronger evidence.
In accordance with the findings of fact and conclusions of law stated hereinabove, the Court is of the opinion to and must deny the claim.
Claim disallowed.